Xirong WANG, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–75402.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 12; 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Armin A. Skalmowski, Alhambra, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Thomas J. Brady, Esq., USH–Office of the U.S. Attorney, Honolulu, HI, David V. Bernal, Attorney, Regina Byrd, Esq., DOJ-U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

## MEMORANDUM**

Xirong Wang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") order denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Gormley v. Ashcroft*, 364 F.3d 1172, 1176 (9th Cir.2004), and we deny in part and grant in part the petition for review and remand for further proceedings.

■ Wang testified that government officials refused to pay him for the remodeling services he performed and arrested him when he demanded compensation, and that several inmates beat him while he was in prison. Wang presented no evidence, however, that these acts occurred, even in part, on account of a protected ground, rather than because of economic factors and general corruption. *See Gormley*, 364 F.3d at 1176–77 (upholding agency determination where petitioner presented no evidence that the perpetrators victimized him on account of a protected ground).

■ Neither the IJ nor the BIA addressed Wang's claim that he also fears imprisonment and persecution as a result of his role in organizing an anti-corruption demonstration. Wang credibly testified that he and several other small business owners planned a demonstration against government corruption. He testified that

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

one of the business owners was arrested and sentenced to 3 years in prison as a result of his role in planning the demonstration. We remand so that the BIA may make a determination as to Wang's eligibility for asylum and withholding of removal on this ground. *See Grava v. INS,* 205 F.3d 1177, 1182 (9th Cir.2000) (remanding to permit the BIA to consider whether petitioner had a well-founded fear of persecution arising from whistleblowing activities); *INS v. Ventura,* 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

■ Wang failed to establish eligibility for CAT relief because he did not show it was more likely than not that he would be tortured by authorities or individuals acting in an official capacity if he returned to China. *See* 8 C.F.R. § 208.16(c)(2); *Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**